UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

VINCENT BATISTA,

    Plaintiff,

v.

HILLSBOROUGH COUNTY,
FLORIDA,

    Defendant.

Case No. 8:26-cv-01636

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Vincent Batista ("Plaintiff" or "Vincent Batista") sues Defendant, Hillsborough County, Florida, ("Defendant" or "the County"), and states as follows:

### CAUSES OF ACTION

1.    This is an action brought under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C.§ 201, et seq, for unpaid overtime.

### PARTIES

2.    Plaintiff is an individual who resides in Sarasota County, Florida.

3.    Defendant Hillsborough County is a political subdivision of the State of Florida with its principal place of business located at 332 N. Falkenburg Rd., Tampa, FL.

### JURISDICTION AND VENUE

4.    Subject matter Jurisdiction is proper in this Court under 28 U.S.C. §§ 1331 because this action involves a federal question under the Fair Labor Standards Act.

CALCIANO PIERRO

5. Personal jurisdiction and venue are proper in the United States District Court for the Middle District of Florida because at all times material, Defendants resided in and/or conducted business in, and all significant events giving rise to Plaintiff's claims occurred within Hillsborough County. Florida.

6. Venue is proper in the Tampa Division because the action accrued in Hillsborough County over which the Tampa Division has jurisdiction.

7. All conditions precedent to maintaining this action have been performed, have occurred, have been excused, have been waived, or are futile.

## GENERAL ALLEGATIONS

8. Defendant Hillsborough County is in the business of providing public services as a local government entity.

9. Plaintiff was employed by Defendant Hillsborough County as a Contract Manager and internal Project Manager for its Uniform Program from approximately March 2023 until June 2025.

10. Despite being classified as exempt, Plaintiff did not supervise others, lacks discretion in his duties, and must obtain approval from supervisors for routine tasks, rendering his exempt classification improper.

11. Plaintiff routinely worked more than 40 hours per week but was not paid overtime compensation.

12. Plaintiff estimates he worked approximately 200 overtime hours for which he has not been paid.

## FLSA Coverage

13.    Defendant, as a local government, is a "public agency" and therefore, is an "employer" subject to the wage and hour requirements of the FLSA including the payment of minimum wages and overtime compensation to non-exempt employees. (29 U.S.C.§ 203(d)).

14.    At all times material hereto, Plaintiff was an FLSA non-exempt employee entitled to payment of at least the federal minimum wage for all regular hours worked.

15.    As a non-exempt employee, Plaintiff was also entitled to payment of one and one half times Plaintiff's effective hourly rate for all hours worked in excess of forty (40) in a workweek.

## Terms and Conditions of Employment

16.    Defendant promised to pay Plaintiff a salary of $68,400.00 per year.

17.    Plaintiff's job duties included managing the Uniform Program for approximately 861 County employees, including sizing, order placement, vendor coordination, receiving/distribution, handling invoices, and addressing employee and vendor issues.

18.    Plaintiff worked generally five days per week, routinely exceeding 40 hours per week without overtime compensation.

## Failure to Pay Overtime Wages

19.    Plaintiff worked in excess of 40 hours in a workweek for one or more workweeks.

CALCIANO PIERRO

20.    Despite the overtime pay mandate of the FLSA, Defendants failed to pay Plaintiff earned overtime wages.

21.    Plaintiff has had to retain the undersigned counsel to bring the instant action and will incur attorney's fees for said representation.

## COUNT I
### *(Failure to Pay Overtime Wages in violation of the FLSA, 29 U.S.C. Section 207)*

22.    Plaintiff realleges and adopts, as if fully set forth in Count I, the allegations in paragraphs 1 through 21.

23.    During the relevant time period, Plaintiff was a non-exempt employee under the FLSA and was therefore entitled to overtime pay at time and one-half Plaintiff's regular rate of pay for all hours worked in excess of forty (40) in a workweek.

24.    During the relevant time period, Defendant routinely required Plaintiff to work in excess of forty (40) hours in a workweek

25.    In violation of the FLSA, Defendant willfully failed to pay Plaintiff time and one-half the effective hourly, regular rate of pay for overtime hours worked.

26.    As a direct result of Defendant's violation of the FLSA, Plaintiff has suffered damages in the way of unpaid overtime compensation.

27.    Defendant did not make a good faith effort to comply with the FLSA with respect to its compensation of Plaintiff.

28.    Plaintiff is entitled to recover from Defendant the unpaid overtime compensation, and an additional equal amount as liquidated damages, prejudgment interest, and reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff demands judgment against Defendant, for unpaid overtime compensation, statutory liquidated damages, together with the costs of suit and reasonable attorney's fees (pursuant to § 216(b) of the FLSA), and such other and further relief that the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b) and the Seventh Amendment to the United States, Plaintiff demands a trial by jury as to all issues triable as of right.

Dated this 2nd day of June2026.                    Respectfully submitted,

*s/ R. Michael Pierro, Jr.*
R. MICHAEL PIERRO, JR.
Florida Bar No. 013023
*Trial Counsel for Plaintiff*

**CALCIANO PIERRO**
146 Second Street North – Suite 304
St. Petersburg, Florida 33701
(727) 217-5400
mike@flemploymentlaw.com